IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>BROTHERHOOD OF MAINTENANCE OF WAY EMPLOYES DIVISION OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS,<br><br>Defendant. | 8:20-CV-516<br><br>**PERMANENT INJUNCTION** |

This matter comes before the Court on the parties' Joint Stipulation for a permanent injunction adopting the terms of the Court's January 7, 2021, Preliminary Injunction. Filing 47 at 1. Based on the parties' stipulation and for the reasons stated herein, the Court concludes a permanent injunction should be entered.

On January 5, 2021, the Court held a hearing and the parties presented evidence and arguments concerning the proposed entry of a preliminary injunction restraining Defendant, the Brotherhood of Maintenance of Way Employes Division of the International Brotherhood of Teamsters ("BMWED"), from commencing a labor stoppage in response to disagreements over Plaintiff's, Union Pacific Railroad Company's ("Union Pacific's") policies relating to the COVID-19 pandemic. Filing 39 at 1-12. The Court found that the Railway Labor Act, 45 U.S.C. § 151 et seq., provided an exception to the Norris-LaGuardia Act's, 29 U.S.C. § 101 et seq.'s, prohibition on injunctive relief in labor disputes because BMWED's demands for leave and pay were related to the ongoing collective-bargaining negotiations between the parties. Filing 39 at 12-20. The Court also found Union Pacific had met the factors set forth in *Dataphase Systems, Inc. v. C L*

1

*Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981), by showing it was likely to suffer irreparable harm if a strike occurred, that an injunction would not cause undue harm to BMWED, that Union Pacific was likely to prevail on the merits, and that the public interest weighed in favor of the issuance of an injunction. Filing 39 at 24-27. Based on these findings, the Court entered a preliminary injunction.

The parties now consent to the Court converting the Preliminary Injunction to a Permanent Injunction and to dismissal of the case. Filing 47. Having reviewed the parties' stipulation and for the reasons set forth above, the Court concludes the requested Permanent Injunction should be issued. Accordingly,

IT IS ORDERED:

1. Defendant and its officers, members, agents, successors, and employees, and all persons acting by, with, through or under Defendant or by and through Defendant's orders, directions or requests, and all others acting in concert or participation with Defendant are, in connection with Defendant's dispute with Plaintiff concerning Plaintiff's policies, procedures, protocols and guidelines for the protection of employees from COVID-19, enjoined and restrained from, in any manner or by any means

    a. directing, calling, causing, approving, authorizing, instigating, conducting, threatening, continuing, encouraging, inducing or engaging in any strike, self-help, sickout, concerted refusal to bid on advertised assignments, absenting themselves from work, slowdown, work stoppage, refusal to work, job action, picketing leafletting, or refusal to cross a picket line at or outside of the premises of or against Union Pacific, and any and all acts of

      any kind whatsoever, in furtherance or support thereof; provided that informational picketing that does not have the effect of the foregoing prohibitions is not prohibited by this Order, nor is the refusal to cross an otherwise lawful picket line not prohibited by this Order at Plaintiff's premises;

   b. interfering in any manner with any person employed by Union Pacific while that person is performing his or her work and duties for the carrier;

   c. seeking to resolve their major dispute with Union Pacific by any means (including picketing, patrolling (other than informational picketing that does not have the effect of the prohibitions in paragraph 1(a) of this Order) or any form of work stoppage, slow down, sick out or other collective refusal to work of any kind against Union Pacific or any of its corporate affiliates or any person doing business with them, or any of them) other than by pursuing the collective bargaining and mediation procedures contained in the Railway Labor Act;

   d. otherwise interfering with the normal business operations of Union Pacific.

2. Defendant is directed to notify all officers and employees under its jurisdiction of this Injunction; take all steps within its power to halt any strike, self-help, sickout, concerted refusal to bid on advertised assignments, slowdown, work stoppage, refusal to work, job action, picketing, and refusal to cross a picket line in connection with Defendant's dispute with Plaintiff concerning Plaintiff's policies, procedures, protocols and guidelines for the protection of employees from COVID-19, and to prevent such actions from occurring or continuing if commenced against Union

Pacific; and take all steps necessary to encourage and ensure compliance with the terms of this Order; and

3. This injunction will remain in effect unless rescinded or otherwise modified by the Court.

DATED this 18th day of March, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge